**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3865
_____

IRA OEI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-263-229)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2014
Before:  FUENTES, COWEN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 17, 2014)
_____

OPINION
_____

PER CURIAM

Appellant, Ira Oei, an ethnic Chinese Christian native and citizen of Indonesia,

seeks review of a final order of the Board of Immigration Appeals (BIA) denying her

motion to reopen her removal proceedings.  For the reasons that follow, we will deny the

petition for review.

Oei entered the United States on a valid non-immigrant visa, and stayed longer than permitted. Removal proceedings were initiated and Oei applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming that she suffered past persecution in Indonesia on account of her religion and ethnicity. After a hearing in August 2006, at which Oei described being harassed and threatened because of her Christian beliefs, the Immigration Judge ("IJ") denied her applications for relief and granted her voluntary departure. Although finding Oei credible, the IJ determined that Oei had failed to establish either past persecution or a subjective fear of future persecution. On appeal, the BIA affirmed the decision.

On August 9, 2013, Oei filed a motion to reopen her immigration proceedings based on "changed country conditions." The Board denied the motion, finding that it did not meet any of the exceptions which would allow Oei to file an untimely motion to reopen, and concluding that Oei failed to establish her prima facie eligibility for relief. Oei has petitioned for review of the Board's order.

Because the denial of a motion to reopen is a final order, we have jurisdiction under 8 U.S.C. § 1252(a). We review the denial of a motion on prima facie grounds for an abuse of discretion, reversing only if the BIA's decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We must uphold the BIA's factual determinations where supported by substantial evidence. Id.

An alien may file a motion to reopen within 90 days of the final administrative order. See 8 U.S.C. § 1229a(c)(7)(C)(i). Although Oei's motion was indisputably untimely, there is no time limitation where the motion is based on changed country

2

conditions, and the evidence supporting the motion could not have been discovered or presented at the previous proceeding. See § 1229a(c)(7)(C)(ii). Oei challenges the Board's conclusion that she failed to demonstrate changed country conditions. Her argument is unavailing, however, because even assuming arguendo that she had, the BIA did not err in concluding that she failed to establish prima facie eligibility for relief from removal. See INS v. Abudu, 485 U.S. 94, 104 (1988) (recognizing that the BIA may deny a motion to reopen if a "movant has not established a prima facie case for the underlying substantive relief sought"); Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir. 2005) ("To prevail on [a motion to reopen], the movant must also establish *prima facie* eligibility for asylum") (emphasis in original).

An asylum applicant must make a showing of a particularized threat of persecution. See Shardar v. Att'y Gen., 503 F.3d 308, 316 (3d Cir. 2007). There is no support for Oei's claim that she can show a "ten percent chance of persecution." Indeed, Oei did not proffer evidence that she would be individually singled out for persecution; rather, her argument implies that there is a "pattern or practice" of discrimination against ethnic Chinese Christians like herself.[1] See Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006). To constitute a pattern or practice, the persecution of the group must be "systemic, pervasive, or organized." See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (quotation marks and citation omitted).

---

[1] In addition to religion, Oei claimed that she would be persecuted on account of her ethnicity; however, she wholly failed to produce evidence sufficient to establish this claim. Accordingly, the BIA did not abuse its discretion in failing to find that Oei had established prima facie eligibility for relief on this basis. We, therefore, limit our discussion to her religious persecution claim.

3

Moreover, the acts of persecution must be committed by the government, or forces the government is either unable or unwilling to control. Id.

Although the 2011 Report of the United States Commission on International Religious Freedom states that religious minorities have experienced "patterns of intimidation, discrimination, and societal violence," A.R. at 54, the evidence is insufficient to demonstrate "systemic, pervasive, or organized" persecution of Christians. While the evidence shows that incidents of religious violence are increasing, the majority of these attacks are reportedly against minority Muslims. And although there is an increased closing of churches and attacks against Christians, these are occurring on a localized basis, not countrywide. Moreover, the incidences of violence are perpetrated by a "small number of groups" with extremist views, not by government forces. A.R. at 55. The Report states that the Indonesian government "sometimes" tolerates abuse of religious freedom by an extremist group, A.R. 53; however, the evidence indicates that the government has mobilized against the threat. Individuals who instigated and carried out religiously motivated violence have been arrested and convicted, although it appears these efforts have been insufficient to completely deter further attacks. A.R. at 56, 59; see also Shehu v. Gonzales, 443 F.3d 435, 437 (5th Cir. 2006) ("[H]arassment or violence against" a protected group "cannot be labeled 'persecution' absent some proof that the . . . government condoned it or at least demonstrated a complete helplessness to protect the victims.") (internal quotation marks and citation omitted). The government is also working with religious leaders to "eas[e] religious tension and rebuild[ ] the community." A.R. at 47.

4

Oei points to the Department of State Report's conclusion that the "growing segregation and decreasing communication between Christian and Muslim communities was seen as increasing the potential for future conflict." A.R. at 47. While troubling, this is not "highly probative evidence" of persecution, contrary to Oei's assertion. Moreover, government officials, police, and military are working with Christian leaders to establish an "early warning system" to anticipate possible religious conflicts. A.R. at 47.

Given all these considerations, the BIA did not abuse its discretion in concluding that Oei had failed to establish a prima facie showing of eligibility for relief. Accordingly, the petition for review will be denied.